"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANGELANETTE EDWARDS,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>            Defendant. | Case No. CV 10-4093-MLG<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Angelanette Edwards seeks judicial review of the Social Security Commissioner's denial of her application for Supplemental Security Income ("SSI") benefits. For the reasons stated below, the decision of the Commissioner is REVERSED and the matter REMANDED for further proceedings consistent with this opinion.

**I.   Facts and Procedural Background**

Plaintiff was born on February 5, 1962. She has an eleventh grade education and has work experience as an in-home care giver. (Administrative Record ("AR") 18, 40, 98, 149.) Plaintiff filed an

1

application for SSI benefits on June 14, 2006, alleging disability as of December 30, 2003, due to diabetes mellitus, disorders of the muscle, ligament and fascia, and depression. (AR 40, 93.)

Plaintiff's application was denied initially and upon reconsideration. (AR 42-46, 51-54.) An administrative hearing was held June 16, 2008, before Administrative Law Judge ("ALJ") James D. Goodman. Plaintiff, represented by attorney Bill LaTour, testified at the administrative hearing. (AR 21-39.)

ALJ Goodman issued an unfavorable decision on August 21, 2008. (AR 9-18.) The ALJ found that Plaintiff suffered from the following severe impairments: history of diabetes, right shoulder pain, obesity, depressive disorder not otherwise specified, and cocaine abuse in remission. (AR 12.) Plaintiff's impairments were deemed not to meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.) The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to "perform medium work as defined in 20 C.F.R. 416.967(c) except that she can frequently climb, balance, kneel, crouch, crawl and stoop, and she can frequently do handling, grasping, and fingering as well as above-the-shoulder lifting, pushing and pulling. In the mental realm, the claimant can perform simple, routine, and repetitive work." (AR 14.) The ALJ also determined that Plaintiff was able to perform her past relevant work as an in-home care giver. (AR 18.) The ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. (Id.)

The Appeals Council denied review on April 27, 2010. (AR 1-3.) Plaintiff commenced this action on June 4, 2010, and on December 7, 2010, the parties filed a joint stipulation ("Joint Stip.") of

2

disputed facts and issues. Plaintiff contends that the ALJ erred by failing to fully consider the opinions of (1) State Agency physician M. Sohn, M.D., (2) psychiatric consultative examiner Ernest A. Bagner III, M.D., and (3) State Agency physician P. M. Balson, M.D.; and (4) that the ALJ erred in his Step Four finding that Plaintiff could perform her past work as a care-giver. (Joint Stip. 2-3.) Plaintiff asks the Court to reverse and order an award of benefits or, in the alternative, to remand for further proceedings. (Joint Stip. 14-15.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. 15.)

After reviewing the parties' respective contentions and the record as a whole, the Court concludes that the ALJ erred in finding, at Step Four of the sequential evaluation, that Plaintiff could perform the job of Home Attendant, which requires a reasoning Level 3, given her limitation to simple, repetitive tasks. Accordingly, the matter shall be remanded for further proceedings consistent with this opinion.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504

F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

    **A.    The ALJ Properly Considered the Opinion of State Agency Physician Dr. Sohn**

Plaintiff contends that the ALJ erred by failing to consider a portion of the September 15, 2006, opinion of State Agency physician M. Sohn, M.D. (Joint Stip. 3.) More specifically, Plaintiff argues that the ALJ failed to address a supposed inconsistency between Dr. Sohn's opinion and the medical opinion of the internal medicine consultative examiner, Dr. Concepcion A. Enriquez. (Id.)

With regard to Plaintiff's right shoulder, Dr. Enriquez concluded that "[t]he patient can still do above-the-shoulder lifting, pushing, and pulling." (AR 180.) The ALJ stated that he based his physical RFC finding primarily on the opinion of Dr. Enriquez. (AR 14.) The ALJ found that Dr. Enriquez's opinion "is consistent with that of the State Agency physician who similarly found the claimant is limited to a wide range of medium work. There is no contrary opinion evidence." (AR 14, 208-212.) Plaintiff

4

argues that, contrary to the ALJ's contention, the opinion of the State Agency reviewing physician, Dr. Sohn, differed from that of Dr. Enriquez because Dr. Sohn limited Plaintiff's work with her right arm to occasional reaching above shoulder level and working overhead with her hand. (Joint Stip. 3; AR 210.)

From a review of the opinions of the consultative and State Agency physicians, it is apparent that they are substantially similar and are not inconsistent. Both physicians concluded that Plaintiff could lift 50 pounds occasionally and 25 pounds frequently; could stand, sit or walk for six hours in an eight-hour work day, and could frequently perform handling, grasping and fingering functions. (AR 180, 209.) In fact, the reviewing State Agency physician specifically noted that his conclusions regarding Plaintiff's limitations or restrictions were not significantly different from those of the examining physician. (AR 212.) The only difference between the two opinions is that Dr. Enriquez found that Plaintiff "can still do above-the-shoulder lifting, pushing and pulling," while Dr. Sohn found that Plaintiff could only occasionally reach above shoulder level with her right hand and frequently with her left. (AR 180, 210.) The ALJ's conclusion that the two opinions were consistent was reasonable. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). Accordingly, the Court finds that this claim of error is without merit.

//

//

**B. The ALJ Properly Considered the Opinion of the Psychiatric Consultative Examiner**

Plaintiff contends that the ALJ erred in failing to properly consider portions of the August 30, 2007, report by the consultative psychiatric examining physician, Dr. Ernest A. Bagner III. (Joint Stip. 5.) More specifically, Plaintiff argues that the ALJ failed to explain why he relied more heavily upon the State Agency reviewing physicians' reports than upon Dr. Bagner's report, and also that the ALJ erred in failing to incorporate Dr. Bagner's assessment of Plaintiff's mental functioning in the RFC assessment.

In his report, Dr. Bagner concluded that "[t]he patient would have mild limitations interacting with supervisors, peers and the public, maintaining concentration and attention and completing simple tasks. She would have mild to moderate limitations handling normal stresses at work, completing complex tasks and completing a normal workweek without interruption." (AR 207.) The ALJ stated that he based his mental RFC assessment "primarily on the opinion of the State Agency psychiatrist, who found the claimant can sustain simple, routine, and repetitive tasks, assuming she maintains sobriety." (AR 14-15.) The ALJ found that these opinions were "consistent for the most part with that of the consultative examiner," Dr. Bagner. (AR 15.)

Contrary to Plaintiff's contention, the ALJ properly credited Dr. Bagner's opinion, to the extent that it was consistent with all of the other medical evidence in the record. *See Thomas*, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in

the record.") Here, both State Agency physicians, Drs. Skopec and Balson, concluded that Plaintiff's mental impairments did not significantly impair her functioning or prevent her from working. (AR 223, 296.) The fact that Dr. Bagner concluded that Plaintiff would have some mild to moderate limitations in performing work-related tasks does not make his opinion inconsistent with those of the State Agency physicians. The ALJ properly synthesized the opinions of the State Agency reviewing physicians with that of Dr. Bagner's to determine Plaintiff's mental RFC.

Further, the ALJ's failure to mention a portion of Dr. Bagner's report is not fatal to his decision. The ALJ is not required to address every detail of the consultative examining physician's report or every piece of evidence in the record in reaching a disability determination. *Howard ex. rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

**C.   The ALJ Properly Considered the Opinion of State Agency Physician Dr. Balson**

Plaintiff next contends that the ALJ erred by implicitly rejecting the April 16, 2007 opinion of State Agency physician P. M. Balson, M.D. (Joint Stip. 9.) In his mental RFC assessment, Dr. Balson concluded that Plaintiff would have mild to moderate limitation in the ability to maintain a normal workday without interruption; the ability to carry out detailed instructions; and the ability to understand and remember detailed instructions. (AR 294-95.) Plaintiff contends that the ALJ erred by not specifically citing Dr. Balson's findings and also by failing to incorporate these findings into the mental RFC assessment. (Joint Stip. 9.)

As discussed in detail above, the ALJ was not required to

7

discuss and adopt each and every finding in Dr. Balson's report in order to credit Dr. Balson's opinion as substantial evidence when assessing Plaintiff's mental RFC. *See Howard*, 341 F.3d at 1012. Both State Agency physicians agreed that Plaintiff's mental impairment did not prevent her from performing most work-related tasks. Dr. Skopec noted that Plaintiff's psychiatric symptoms did not significantly decrease her ability to function. (AR 223.) Similarly, Dr. Balson concluded that Plaintiff could predictably sustain simple repetitive tasks. (AR 296.) The ALJ properly credited Dr. Balson's opinion in determining that Plaintiff was capable of performing simple, routine and repetitive work. (AR 14-16.) Therefore, Plaintiff's argument is without merit.

**D.   The ALJ Erred at Step Four of the Sequential Evaluation in Finding That Plaintiff Could Perform the Job of Home Attendant**

Plaintiff next argues that the ALJ erred at Step Four of the sequential evaluation because he determined that Plaintiff could perform her past relevant work as she actually performed it. (Joint Stip. 11.) The ALJ determined that Plaintiff could perform a wide range of medium work, which would require her to lift 25 pounds frequently and 50 pounds occasionally. (AR 13-14.) In her work history report, Plaintiff described the duties of her past relevant work as "lifted things" from 8:00 a.m. to 5:00 p.m. and "did hair" from 12:00 p.m. to 3:00 p.m. (AR 148.) She also checked the box that indicated that she lifted 50 pounds or more frequently. (AR 149-151.) Plaintiff contends that her past relevant work as an in-home care giver, as she actually performed it, required her to lift 50 pounds frequently, not merely occasionally. (Joint Stip. 11.)

Plaintiff "bears the initial burden of establishing disability by showing that a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." *Allen v. Secretary of Health & Human Serv.*, 726 F.2d 1470, 1472 (9th Cir. 1984). However, it is Plaintiff's burden to prove that she cannot return to her former *type* of work, not just to her former job. *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). A claimant is not disabled if she can perform the duties of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

In assessing a claimant's ability to perform past relevant work, an ALJ may consider the physical and mental demands of the job either as actually performed or as usually performed in the general economy. S.S.R. 82-62, *3 ("The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'"). The ALJ may rely on the Dictionary of Occupational Titles ("DOT") for establishing the mental and physical demands of a particular job as usually performed in the general economy. S.S.R. 82-61, *2; *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001)("[T]he best source for how a job is generally performed is usually the [DOT].")

Once an ALJ determines that the claimant's limitations do not preclude the work as usually performed in the general economy, the ALJ must find that the claimant is not disabled. S.S.R. 82-61, *2. The ALJ need not conclude that the claimant can return to the prior position as actually performed. *Pinto*, 249 F.3d at 845 ("We have never required explicit findings at step four regarding a

claimant's past relevant work both as generally performed *and* as actually performed.")(emphasis in original).

Here, the ALJ found that Plaintiff's past relevant work as an in-home care giver most closely matched that of a Home Attendant (DOT 354.377-014). (AR 18.) The occupation of Home Attendant is a medium work job, which requires exerting 20 to 50 pounds of force only occasionally, not frequently, as Plaintiff claims she actually performed it. Because the ALJ was not required to determine whether Plaintiff could perform the job as usually performed *and* as Plaintiff actually performed it, he properly determined, at step four of the sequential evaluation, that Plaintiff was able to perform her past relevant work.

Plaintiff also argues that the ALJ erred in finding that she could perform her past relevant work as generally performed in the national economy because the job of Home Attendant (DOT 354.377-014) requires a Reasoning Level 3, which is inconsistent with Plaintiff's RFC limitation to "simple, routine, and repetitive" work. (Joint Stip. 12; AR 13-14.) Plaintiff contends that simple, repetitive tasks refer to unskilled work at Reasoning Level 2. (Joint Stip. 12.)

It appears that the Ninth Circuit has not yet addressed this issue. However, district courts in this Circuit have held that a limitation to simple, repetitive tasks is inconsistent with Reasoning Level 3 jobs. *See, e.g.*, *Burns v. Astrue*, 2010 WL 4795562, *6 (C.D.Cal. 2010); *Bagshaw v. Astrue*, 2010 WL 256544, *6 (C.D.Cal. 2010); *Etter v. Astrue*, 2010 WL 4314415, *4 (C.D.Cal. 2010); *Pak v. Astrue*, 2009 WL 2151361, *7 (C.D.Cal. 2009); *Tudino v. Barnhart*, 2008 WL 4161443, *10-*11 (S.D.Cal. 2008); *Torrez v.*

*Astrue*, 2010 WL 2555847, *7-*9 (E.D.Cal. 2010). Thus, absent persuasive evidence to justify a variation from the requirements of the job as identified in the DOT, such as the testimony of a Vocational Expert, the ALJ's limiting Plaintiff to simple, repetitive tasks is inconsistent with the finding that Plaintiff could perform the job of Home Attendant, which requires Reasoning Level 3. Accordingly, the matter shall be remanded for additional proceedings to determine whether Plaintiff can perform her past work and, if not, whether any other jobs exist in the economy that she can perform.

**IV. Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

Dated: December 17, 2010

MARC L. GOLDMAN
_____
Marc L. Goldman
United States Magistrate Judge

11